IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. COOK,<br><br>        Petitioner,<br><br>  vs.<br><br>A.K. SCRIBNER, Warden,<br><br>        Respondent. | No. C 04-05121 JW (PR)<br><br>ORDER DENYING PETITION FOR<br>A WRIT OF HABEAS CORPUS |

Petitioner, a California prisoner proceeding pro so, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner makes the following two claims for federal habeas relief: (1) there was insufficient evidence to support his conviction; and (2) the trial court erred in failing to bifurcate the trial. This Court found these claims, liberally construed, were cognizable and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent has filed an answer to the order to show cause.[1]

**BACKGROUND**

In 2003, a jury found petitioner guilty of assault with a deadly weapon and/or by means of force likely to produce great bodily injury, and found true a sentence

---

[1] Petitioner did not file a traverse, but in several filings he states he wishes to "stipulate" that the petition be considered his traverse. Several of these filings include attachments in which petitioner addresses his claims. The Court has considered all of petitioner's filings and attachments thereto in reaching the decision set forth below.

Order Denying Petition for a Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.04\Cook5121_deny.wpd

enhancement that he committed the offense while he was released from custody on his own recognizance. The jury also found petitioner had a prior conviction that qualified as a serious felony and a "strike." Thereafter, the trial court sentenced petitioner to a term of fifteen years in state prison. The California Court of Appeal set forth the following summary of the evidence:

> On the afternoon of September 19, 2002, Elizabeth Sanchez-Cheng and her husband, Luis Garcia Blanco, stopped at a gas station. Sanchez-Cheng obtained the key to the women's room. As she passed the men's room, Cook emerged, encountered Sanchez-Cheng, and struck her in the face with a radio cassette player. The blow cut Sanchez-Cheng's nose and eyebrow, causing profuse bleeding and loss of balance. Garcia Blanco called the police, and he and Sanchez-Cheng waited for them inside the gas station. Cook threw the radio cassette player away, then entered the gas station and asked for another key to the men's room. When the police arrived, they arrested Cook.
> An amended information charged Cook with assault with a deadly weapon or by means of force likely to produce great bodily injury. (Pen. Code, §§ 245, subd. (a)(1)-Count 1.) Central to this appeal, the information alleged as an enhancement that the assault had occurred while Cook was out on his own recognizance following his pleading guilty to a charge of making criminal threats. (§§ 12022.1.) Finally, the information alleged the criminal threat conviction as a prior strike and (§§ 1170.12, subd. (c)(1)) and a serious felony (§§ 667, subd. (a)).

(Resp. Ex. C at 1-2) (footnote omitted).

On appeal, the California Court of Appeal affirmed the conviction, although it remanded to a allow the trial court to address restitution and parole revocation fines and to correct the abstract of judgment. The California Supreme Court denied review.

## DISCUSSION

A.    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a

Order Denying Petition for a Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.04\Cook5121_deny.wpd         2

decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

A federal habeas court may grant the writ it if concludes that the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Williams, 529 U.S. at 412; Clark v. Murphy, 331 F.3d 1062,

1     1069 (9th Cir. 2003).  While circuit law may be "persuasive authority" for purposes of

2     determining whether a state court decision is an unreasonable application of Supreme

3     Court precedent, only the Supreme Court's holdings are binding on the state courts and

4     only those holdings need be "reasonably" applied.  Id.

5     B.     Claims and Analysis

6            1.     Insufficient Evidence

7     Petitioner claims there was insufficient evidence to support his conviction,

8     pursuant to Cal. Penal Code § 245(a)(1), for assault with a deadly weapon or by means of

9     force likely to produce great bodily harm.  The Due Process Clause "protects the accused

10    against conviction except upon proof beyond a reasonable doubt of every fact necessary

11    to constitute the crime with which he is charged."  In re Winship, 397 U.S. 358, 364

12    (1970).  A state prisoner who alleges that the evidence in support of his state conviction

13    cannot fairly be characterized as sufficient to have led a rational trier of fact to find guilt

14    beyond a reasonable doubt therefore states a constitutional claim, see Jackson v. Virginia,

15    443 U.S. 307, 321 (1979), which, if proven, entitles him to federal habeas relief, see id. at

16    324.

17    A federal court reviewing collaterally a state court conviction does not determine

18    whether that court itself is satisfied that the evidence established guilt beyond a

19    reasonable doubt.  Payne v. Borg, 982 F.2d 335, 338 (9th Cir. 1992).  Rather, the federal

20    court "determines only whether, 'after viewing the evidence in the light most favorable to

21    the prosecution, any rational trier of fact could have found the essential elements of the

22    crime beyond a reasonable doubt.'"  See id. (quoting Jackson, 443 U.S. at 319).  Only if

23    no rational trier of fact could have found proof of guilt beyond a reasonable doubt, may

24    the writ be granted.  See Jackson, 443 U.S. at 324.

25    The California Court of Appeal denied petitioner's claim based on the following

26    reasoning:

Order Denying Petition for a Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.04\Cook5121_deny.wpd                    4

> Finally, Cook argues that no substantial evidence supports his conviction. The standard of review we apply is settled. We "must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence – that is, evidence which is reasonable, credible, and of solid value – such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Williams* (1997) 16 Cal.4th 635, 678, internal quotations omitted.)
>
> Cook argues that at most he could be convicted of simple assault, because he neither used a deadly weapon nor used force likely to produce great bodily injury. (See §§ 245, subd. (a)(1).) "As used in section 245, subdivision (a)(1), a "deadly weapon" is "any object, instrument, or weapon which is used in such a manner as to be capable of producing and likely to produce, death or great bodily injury." (*People v. Aguilar* (1997) 16 Cal. 4th 1023, 1028.) Section 245, subdivision (a)(1) "punishes an assault committed in any one of three ways: i.e., (1) with a weapon deadly per se, or (2) with an *object used* in a way likely to produce great bodily injury, or (3) by means of a *force* also likely to produce great bodily injury." (*Id.* at p. 1038 (conc. opn. of Mosk, J.).) Thus, the only question is whether Cook used an object or exerted force likely to produce great bodily injury. Because the statute focuses on whether the force used was "*likely* to produce great bodily injury, whether the victim in fact suffers any harm is immaterial." (*Id.* at p. 1028.) The likelihood of great bodily injury is evident here.
>
> Cook struck Sanchez-Cheng in the face with a radio cassette player. The force of the blow caused Sanchez-Cheng to lose her balance. She was in pain for days afterwards. The object was sufficiently sharp to cause significant bleeding. Cook narrowly missed striking Sanchez-Cheng in the eye; a jury could conclude that had he struck her in the eye with the radio cassette player, her vision would have been permanently affected. From this evidence, a reasonable jury could find a likelihood of bodily injury that was "significant or substantial, not insignificant, trivial or moderate." (*People v. Armstrong* (1992) 8 Cal.App.4th 1060, 1066; see *People v. Wolcott* (1983) 34 Cal.3d 92, 108 [citing with approval cases finding great bodily injury based on "multiple abrasions and lacerations" (*People v. Sanchez* (1982) 131 Cal.App.3d 718) and "bruising and swelling" (*People v. Jaramillo* (1979) 98 Cal.App.3d 830)].)

(Resp. Ex. C at 9-10.)

The standard used by the California Court of Appeal for evaluating petitioner's sufficiency of the evidence claim, from <u>People v. Williams</u> 16 Cal.4th 635, 678 (1997) is equivalent to the governing federal standard announced in <u>Jackson</u>. See <u>Jackson</u>, 443 U.S. at 319 (there must be sufficient evidence that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt); <u>Williams</u>, 16 Cal.4th at 678(there must be sufficient evidence "that a reasonable trier of fact could find

Order Denying Petition for a Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.04\Cook5121_deny.wpd         5

1  the defendant guilty beyond a reasonable doubt"). Consequently, the state court's
2  decision was not "contrary to" federal law within the meaning of § 2254(d)(1). See
3  Williams, 529 U.S. at 412-13.

4  The California Court of Appeal's rejection of petitioner's argument that there was
5  insufficient evidence he used a "deadly weapon" was also "objectively reasonable" within
6  the meaning of § 2254(d)(1). As explained by the state appellate court, under California
7  law, the defendant need not have used a weapon that is "per se deadly" in order to violate
8  California Penal Code § 245(a)(1). (Id. (quoting People v. Aguilar 16 Cal. 4th 1023,
9  1038 (1997)). Rather, the statute also applies to the use of an "object . . . in a way likely
10 to produce great bodily injury, or by means of a *force* also likely to produce great bodily
11 injury." (Id.) See People v. Fierro, 1 Cal.4th 172, 251 (1991) (finding use of telephone
12 receiver to be a "deadly weapon" within the meaning of California Penal Code §
13 245(a)(1).) This determination of state law is binding on this Court. See Hicks v. Feiock,
14 485 U.S. 624, 629 (1988) (a state court's interpretation of state law, including one
15 announced on direct appeal of the challenged conviction, binds a federal court sitting in
16 habeas corpus.)

17 The evidence in this case indicates that petitioner struck Ms. Sanchez-Cheng with
18 sufficient force to cause her to lose her balance, to cause cuts around her eye, and to cause
19 "a lot" of bleeding, including "nasal bleeding for several days." (Reporter's Transcript
20 ("RT") at 110, 117 (attached as Resp. Ex. B, Vol. 2).) She required medical treatment
21 "several days" after the assault to stop the continued bleeding. (Id. at 117-18.) Ms.
22 Sanchez-Cheng's loss of balance and the continuous bleeding indicate that petitioner used
23 a substantial amount of force when he hit her with an object that was both hard and sharp.
24 Moreover, as the state appellate court indicated, petitioner hit Ms. Sanchez-Cheng in the
25 face, close to her eyes; and had petitioner struck or cut her eyes, she could well have lost
26 vision. In addition, as petitioner hit her in the head with enough force to lose her balance,

he could well have knocked her out, either directly or by causing her to fall to the ground and hit her head. Under these circumstances the jury could have reasonably found that the amount of force petitioner used, and the manner in which he struck Ms. Sanchez-Cheng with the radio cassette player, created a likelihood of great bodily injury within the meaning of California Penal Code § 245(a)(1). Accordingly, petitioner is not entitled to habeas relief on this claim.

### 2. Bifurcate

Petitioner claims the trial court erred in failing to bifurcate his trial on the sentence enhancement allegation, pursuant to California Penal Code § 12022.1, that at the time he committed the offense he was out on his own recognizance following his pleading guilty to a charge of making criminal threats. Petitioner does not allege the violation of any federal constitutional right or federal law stemming from the trial court's failure to bifurcate the enhancement. A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). In other words, a writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). It is unavailable for violations of state law or for alleged error in the interpretation or application of state law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). As petitioner has failed to claim that the failure to bifurcate violated any federal law, there is no basis for granting habeas relief on this claim.

Moreover, the Court is unaware of any "clearly established" United States Supreme Court authority, as is required for habeas relief under § 2254(d)(1), and petitioner cites none, providing that the failure to bifurcate implicates a criminal defendant's rights under the federal Constitution or any other federal law. Indeed, the

Order Denying Petition for a Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.04\Cook5121_deny.wpd                 7

Supreme Court has found no constitutional right to a bifurcated criminal trial. See Spencer v. Texas, 385 U.S. 554 (1967).[2]

In any event, even if federal law were implicated by the failure to bifurcate, any such claim is procedurally defaulted from federal habeas review. The California Court of Appeal found petitioner waived his claim that the trial court failed to bifurcate the California Penal Code § 12022.1 sentence enhancement because petitioner failed to make a contemporaneous request to sever the enhancement at trial.[3] (Resp. Ex. C at 5.) A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question and adequate to support the judgment. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual

---

[2] There is circuit-based authority that the denial of severance of counts may prejudice a defendant sufficiently to render his trial fundamentally unfair in violation of due process. Grisby v. Blodgett, 130 F.3d 365, 370 (9th Cir. 1997); Herd v. Kincheloe, 800 F.2d 1526, 1529 (9th Cir. 1986). Under § 2254(d)(1), habeas relief is not available based simply on circuit-based law. Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). In any event, in this case the failure to bifurcate the enhancement did not render the trial fundamentally unfair because the trial court issued a limiting instruction that the jury should only consider the evidence of his prior conviction for purposes of the enhancement, and not for the California Penal Code § 245 charges. (Clerk's Transcript at 183 (attached as Resp. Ex. A).) The jury is presumed to have followed this instruction. See Aguilar v. Alexander, 125 F.3d 815, 820 (9th Cir. 1997) (juries are presumed to follow a court's limiting instructions with respect to the purposes for which evidence is admitted).

[3] Petitioner disputes the state court's finding that he failed to request severance of the California Penal Code § 12022.1 enhancement. The record reveals that petitioner requested severance of the *other* sentence enhancements, pursuant to California Penal Cod § 1170.12(c)(1), 667(a), for his prior "strike" and serious felony conviction. (RT at 9-10.) With respect to the California Penal Code § 12022.1 enhancement, however, he did not ever request bifurcation or severance, but rather he objected to his prosecution for the enhancement altogether on double jeopardy grounds. (See id. at 47-49; see also id. at 7-8, 175-77; Resp. Ex. C at 3-5.) In light of this record, the state court's finding of waiver was reasonable within the meaning of § 2254(d)(2).

Order Denying Petition for a Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.04\Cook5121_deny.wpd         8

prejudice as a result of the alleged violation of federal law, or demonstrate the failure to consider the claims will result in a fundamental miscarriage of justice. See id. at 750.

The rule cited here by the Court of Appeal, specifically, that a defendant must make a contemporaneous objection at trial in order to preserve an issue on appeal, has been found to be a sufficiently independent and adequate procedural rule to support the denial of a federal petition on grounds of procedural default. See Paulino v. Castro, 371 F.3d 1083, 1092-93 (9th Cir. 2004) (finding claim procedurally defaulted based on California's contemporaneous objection rules). Because petitioner made no contemporaneous objection to the failure to bifurcate the California Penal Code § 12022.1 enhancement, nor did he make a contemporaneous request to sever such enhancement, as is required under California's contemporaneous objection rule, his bifurcation claim is procedurally defaulted. See id. Although a petitioner may avoid procedural default by showing the requisite "cause and prejudice," see id., petitioner here has made no such showing, or even an effort to do so. Accordingly, any claim for federal habeas relief based on the failure to bifurcate is procedurally defaulted.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The Clerk shall close the file.

DATED:   October 24, 2007

*James Ware*
JAMES WARE
United States District Judge

Order Denying Petition for a Writ of Habeas Corpus
G:\PRO-SE\SJ.JW\HC.04\Cook5121_deny.wpd         9